

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COURIER SOLUTIONS, INC., §
§
    Plaintiff, §
§
v. §
§    Civil Action No. 3:08-CV-2254-N
§
CSA DELIVERY, INC., *et al.*, §
§
    Defendants. §

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I explain it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

Do not let bias, prejudice, or sympathy play any part in your deliberations. This case should be considered and decided by you as an action between persons of equal standing in

COURT'S CHARGE – PAGE 1



the community and holding the same or similar stations in life. The law does not give special treatment to any person. A corporation, partnership, limited liability company, and all other persons are equal before the law and must be treated as equals in a court of justice. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict regardless of the consequences.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and the stipulated facts. Stipulated facts must be regarded as proven facts. The term "evidence" does not include anything that I have instructed you to disregard.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. However, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If an attorney's question assumes that some fact is true and the

witness did not agree with that assumption, the question itself is not evidence that the assumed fact is true. You should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is the duty of the Court to rule on those objections in accordance with the law.

You are not bound by any opinion that you might think I have concerning the facts of this case, and if I have in any way said or done anything that leads you to believe that I have any opinion about the facts in this case, you are instructed to disregard it. Further, nothing in these instructions to you is intended to suggest what verdict I think you should find.

Although you should consider only the evidence in the case, you are permitted to draw any reasonable inferences from the testimony and exhibits that you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such as by an eyewitness or in a document. "Circumstantial evidence" is proof of a chain of facts and circumstances that suggests a conclusion that an essential fact does actually exist, although not directly proving the existence of the essential fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

COURT'S CHARGE – PAGE 3

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or believability of each witness and the weight or significance to be given to the witness's testimony. In weighing the testimony of a witness, you should consider the witness's relationship to a particular party; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness's testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, it is your exclusive right to give the testimony of that witness whatever credibility or weight, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field may testify as to his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Unless you are instructed otherwise, a party asserting a claim has the burden of proving each essential element of that claim by a preponderance of the evidence. Unless you are instructed otherwise, a party asserting a defense to a claim has the burden of proving each essential element of that defense by a preponderance of the evidence. A preponderance of the evidence means sufficient evidence that, when considered and compared to the opposing evidence, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. To establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely true than not true. If the proof fails to establish any essential part of a party's claim by a preponderance of the evidence, you should find for the opposing party on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.

"CSI" means Courier Solutions Inc.

"CSA" means CSA Delivery, Inc., doing business as Courier Solutions of America, Inc.

"Clayton Sr." means Woodrow Clayton, Sr.

"Clayton Jr." means Woodrow Clayton, Jr.

"D. Clayton" means Darlene Clayton

"Action" means Action Courier & Logistics, L.L.C.

"Presort" means North Americacn Presort, Inc.

"HAC" means Houston Area Couriers, Inc.

The "CSI Logo" means CSI's stylized three letter "CSI" design.

The acts of a corporation or limited liability company include the actions of its employees or agents acting within the course and scope of their employment or agency.

## TRADEMARK

QUESTION NO. 1:

Did any of the following infringe on the CSI Logo?

Answer "yes" or "no" for:

CSA        ___NO___

Action     ___NO___

Presort    ___NO___

HAC        ___NO___

INSTRUCTIONS FOR QUESTION NO. 1:

The term "service mark" means any word, name, symbol, or device, or any combination of those things used by a person or entity to identify and distinguish the services of one person or entity, including a unique service, from the services of others and to indicate the source of the services, even if that source is unknown.

A person or entity infringes a service mark if that person or entity, without the consent of the registrant either:

(a) uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduces, counterfeits, copies, or colorably imitates a registered mark and applies such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints,

packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

In determining whether a use is likely to cause confusion concerning the source of services, you may consider the following factors: (1) the distinctiveness of the mark; (2) mark similarity; (3) service similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent to cause confusion; (7) actual confusion; and (8) care exercised by potential purchasers. You may also consider any other evidence you find relevant to the likelihood of confusion. No single factor is dispositive. The relative importance of the different factors depends on the particular facts and circumstances involved, rather than some mathematical formula.

Consent by the owner of a mark for another person or entity to use a mark may be either express or implied through actions or a course of conduct.

If your answer to Question No. 1 is "yes" for any of the named defendants, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 2:

Were any of the following part of a conspiracy to infringe the CSI Logo that damaged CSI?

Answer "yes" or "no" for:

CSA              _____

Clayton Sr.      _____

Clayton Jr.      _____

D. Clayton       _____

Action           _____

Presort          _____

HAC              _____

INSTRUCTIONS FOR QUESTION NO. 2:

To be part of a conspiracy, two or more persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to CSI. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

A corporation cannot conspire with itself through its agents. Employees or agents of a principal acting within the course and scope of their employment or agency relationship

COURT'S CHARGE – PAGE 9

cannot enter into a conspiracy with each other so long as they are not acting outside their capacity as an employee or agent or are not acting for a personal purpose of their own.

If your answer to Question No. 1 is "yes" for any of the named defendants, then answer the following question.  Otherwise do not answer the following question.

QUESTION NO. 3:

Was the infringement excused by any of the following:

a.   estoppel        _____

b.   laches          _____

c.   waiver          _____

INSTRUCTIONS FOR QUESTION NO. 3:

The burden of proof is on defendants to prove excuse by a preponderance of the evidence.

Infringement by a defendant is excused by estoppel if all the following circumstances occurred:

1.   CSI

   a.   by words or conduct made a false representation or concealed material facts,

   b.   with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and

   c.   with the intention that a defendant would rely on the false representation or concealment in acting or deciding not to act; and

2.   the defendant

   a.   did not know and had no means of knowing the real facts, and

COURT'S CHARGE – PAGE 11

b.      relied to his/her/its detriment on the false representation or concealment of material facts.

Infringement by a defendant is excused by laches if all the following circumstances occurred:

1.      CSI

a.      delayed in asserting a right or claim,

b.      the delay was inexcusable, and

c.      undue prejudice to the defendant resulted from the delay.

The period for laches begins when CSI knew or should have known of the infringement. A delay of under two years is reasonable.

Infringement by a defendant may be excused by waiver. Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

# UNFAIR COMPETITION

QUESTION NO. 4:

Did any of the following unfairly compete with CSI?

Answer "yes" or "no" for:

| | |
|---|---|
| CSA | no |
| Clayton Sr. | Yes |
| Clayton Jr. | no |
| D. Clayton | no |
| Action | Yes |
| Presort | no |
| HAC | no |

## INSTRUCTIONS FOR QUESTION NO. 4:

Unfair competition refers to a defendant passing off its goods or services as those of the plaintiff by virtue of substantial similarity between the two, not only passing off, but trademark infringement, common-law misappropriation, misappropriation of confidential information or trade secrets, and business disparagement.

The doctrine of unfair competition rests on the equitable principle that no person may sell or advertise his or her own business or goods as those of another. Unfair competition ordinarily consists of the use or simulation by one person, for the purpose of deceiving the public, of the names, symbols, labels, or devices of a business rival, in order to induce the purchasing public to buy its products in the belief that they are those of its rival. To establish

COURT'S CHARGE – PAGE 13

a case of unfair competition, a party need not prove an intent to deceive, nor must it prove that buyers were actually deceived; it is sufficient that such deception would naturally and probably result from the acts charged.

If your answer to Question No. 4 is "yes" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 5:

Did CSI know, or in the exercise of reasonable diligence should CSI have known, of the unfair competition before December 22, 2006?

Answer "yes" or "no" for each party for whom you answered "yes" to Question No. 4:

CSA          _____

Clayton Sr.  ____NO_____

Clayton Jr.  _____

D. Clayton   _____

Action       ____NO_____

Presort      _____

HAC          _____

INSTRUCTIONS TO QUESTION NO. 5:

The burden is on Defendants to prove by a preponderance of the evidence that CSI knew or should have known.

COURT'S CHARGE – PAGE 15

# FIDUCIARY DUTY

QUESTION NO. 6:

Did Clayton Sr. owe a fiduciary duty to CSI?

Answer "yes" or "no":

_____Yes_____

INSTRUCTIONS FOR QUESTION NO. 6:

An officer or director of a corporation owes a fiduciary duty to the corporation.

A fiduciary duty can also arise out of a relationship of trust and confidence. A relationship of trust and confidence existed if CSI justifiably placed trust and confidence in Clayton Sr. to act in CSI's best interest. CSI's subjective trust and feelings alone do not justify transforming arm's-length dealings into a relationship of trust and confidence.

If your answer to Question No. 6 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 7:

Did Clayton Sr. fail to comply with his fiduciary duty to CSI?

Answer "yes" or "no":

_____Yes_____

INSTRUCTIONS FOR QUESTION NO. 7:

To prove Clayton Sr. failed to comply with his fiduciary duty, CSI must show:

a.    the transactions in question were not fair and equitable to CSI; or

b.    Clayton Sr. did not make reasonable use of the confidence that CSI placed in him; or

c.    Clayton Sr. failed to act in the utmost good faith or exercise the most scrupulous honesty toward CSI; or

d.    Clayton Sr. placed his own interest before CSI's, used the advantage of his position to gain a benefit for himself at the expense of CSI, or placed himself in a position where his self-interest might conflict with his obligations as a fiduciary; or

e.    Clayton Sr. failed to fully and fairly disclose all important information to CSI concerning the transactions.

An officer or director of a corporation breaches his fiduciary duty to the corporation by diverting a corporate opportunity from the corporation to his own benefit. A corporate opportunity arises where a corporation has a legitimate interest or expectancy in, and the

financial resources to take advantage of, a particular business opportunity. A corporation has a legitimate interest or expectancy in a business opportunity when it is in the line of the corporation's business.

An opportunity is in the line of a corporation's business if:

1.    a corporation is engaged in a certain business,

2.    an opportunity is presented to it embracing an activity as to which it has fundamental knowledge, practical experience and ability to pursue,

3.    which, logically and naturally, is adaptable to its business having regard for its financial position, and

4.    is one that is consistent with its reasonable needs and aspirations for expansion.

If your answer to Question No. 7 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 8:

Did any of the following knowingly participate in Clayton Sr.'s breach of fiduciary duty to CSI?

Answer "yes" or "no" for:

CSA _____Yes_____

Clayton Jr. _____Yes_____

D. Clayton _____Yes_____

Action _____Yes_____

Presort _____Yes_____

HAC _____Yes_____

INSTRUCTIONS FOR QUESTION NO. 8:

A party knowingly participates in a breach of fiduciary duty if (1) the party knows of the fiduciary relationship, and (2) the party was aware that it was participating in the breach of that fiduciary relationship.

## INTERFERENCE

QUESTION NO. 9:

Did any of the following intentionally interfere with CSI's contract, if any, with Washington Mutual?

Answer "yes" or "no" for:

CSA _____No_____

Clayton Sr. _____Yes_____

Clayton Jr. _____No_____

D. Clayton _____No_____

Action _____No_____

Presort _____No_____

HAC _____No_____

INSTRUCTIONS FOR QUESTION NO. 9:

You can find interference only if you first find that CSI had a contract with Washington Mutual.

Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.

COURT'S CHARGE – PAGE 20

If your answer to Question No. 9 is "yes" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 10:

Did the defendants found by you to have interfered in Question No. 9 interfere because he/she/it had a good-faith belief that he/she/it had a right to do so?

Answer "yes" or "no" for each party for whom you answered "yes" to Question No. 9:

CSA            _____

Clayton Sr.    __No_____

Clayton Jr.    _____

D. Clayton     _____

Action         _____

Presort        _____

HAC            _____

INSTRUCTIONS FOR QUESTION NO. 10:

The burden of proof is on defendants to prove good faith belief by a preponderance of the evidence.

CONVERSION

QUESTION NO. 11:

Did any of the following convert CSA's share of the $614,241.50 check from Washington Mutual?

Answer "yes" or "no" for:

| | |
|---|---|
| CSI | yes |
| Oliver Williams | no |
| Tony Young | no |
| Jason Loftis | no |

INSTRUCTIONS FOR QUESTION NO. 11:

The burden of proof is on CSA to prove conversion by a preponderance of the evidence.

Oliver Williams, Tony Young, and Jason Loftis did not personally convert the check if the acts of conversion, if any, were done by them in the course and scope of their employment with CSI.

"Conversion" means the unlawful exercise of dominion, ownership or control by one party over the property of another to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time.

COURT'S CHARGE – PAGE 22

CONTRACT

QUESTION NO. 12:

Did HAC and CSI agree that CSI would work for HAC as a subcontractor on HAC's courier contracts?

Answer "yes" or "no":

no

INSTRUCTIONS FOR QUESTION NO. 12:

Defendants have the burden of proving the existence of an agreement by the preponderance of the evidence.

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

If your answer to Question No. 12 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 13:

Did CSI fail to comply with the agreement found by you in Question No. 12?

Answer "yes" or "no":

_____

# INTERFERENCE

QUESTION NO. 14:

Did any of the following intentionally interfere with Defendants' contracts?

Answer "yes" or "no" for:

CSI              _____no_____

Oliver Williams     _____no_____

Tony Young       _____no_____

Jason Loftis        _____no_____

INSTRUCTIONS FOR QUESTION NO. 14:

The burden of proof is on defendants to prove interference by a preponderance of the evidence.

Oliver Williams, Tony Young, and Jason Loftis did not personally interfere if the acts of interference, if any, were done by them in the course and scope of their employment with CSI.

Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.

COURT'S CHARGE – PAGE 25

If your answer to Question No. 14 is "yes" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 15:

Did the parties found by you to have interfered in Question No. 14 interfere because they had a good-faith belief that they had a right to do so?

Answer "yes" or "no" for each party for whom you answered "yes" to Question No. 14:

CSI                    _____

Oliver Williams        _____

Tony Young             _____

Jason Loftis           _____

INSTRUCTIONS FOR QUESTION NO. 15:

The burden of proof is on CSI, Williams, Young, and Loftis to prove good faith belief by a preponderance of the evidence.

## DAMAGES

If a party proves its claims by a preponderance of the evidence, you must determine the damages to which that party is entitled. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe a party should, or should not, prevail. It is your task first to decide whether any party is liable. I am instructing you on damages only so that you will have guidance in the event you decide that any party is liable, and that the inured party is entitled to recover money from the responsible party.

If you find that a party is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of that party's damages. Compensatory damages cannot be based on speculation, for it is only actual damages that are recoverable. They are an attempt to make the damaged party whole, or to restore that party to the position she would have been in if the occurrence had not happened.

You may award compensatory damages only for damages that the injured party proves were caused by the responsible party's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the injured party's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the responsible party. You should not award compensatory damages for speculative injuries, but only for those damages which the injured party has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty

lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the injured party prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Answer each question about damages separately.  Do not increase or reduce your answer to one question because of your answer to another question.  Do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

If your answer to Question No. 1 is "yes" for any party, and your answer to all parts of Question No. 3 is "no," then answer the following question.

QUESTION NO. 16:

Is CSI entitled to recover the infringing party's profits?

Answer "yes" or "no" for each party for whom you answered "yes" to Question No. 1:

CSA          _____

Action       _____

Presort      _____

HAC          _____

INSTRUCTIONS FOR QUESTION NO. 16:

The factors to be considered in determining whether CSI is entitled to recover an infringer's profits include, but are not limited to: (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.

If your answer to Question No. 16 is "yes" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 17:

What sum of money, if any, if paid now in cash, would compensate CSI for the infringer's profits attributable to the unlawful use of the CSI Logo?

Answer in dollars and cents for damages, if any, for each party for whom you answered "yes" to Question No. 16:

CSA         _____

Action       _____

Presort      _____

HAC         _____

INSTRUCTIONS FOR QUESTION NO. 17:

In awarding profits, CSI is required to prove only the infringer's sales; the infringers must prove all elements of cost or deduction claimed.

Do not add any amount for prejudgment interest on damages if any. Prejudgment interest is interest on damages that accrued on a date before judgment from that date through the date of judgment.

If your answer to Question No. 4 is "yes" and to Question No. 5 is "no" for any party, then answer the following question.  Otherwise do not answer the following question.

QUESTION NO. 18:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate CSI for its damages proximately caused by such unfair competition as found by you in Question No. 4?

Consider the following elements of damages, if any, and no other.

1.    CSI's lost profits

Answer in dollars and cents for damages, if any, for each party for whom you answered "yes" to Question No. 4 and "no" to Question No. 5:

CSA          _____

Clayton Sr.  $ 350,000

Clayton Jr.  _____

D. Clayton   _____

Action        $0

Presort      _____

HAC          _____

INSTRUCTIONS FOR QUESTION NO. 18:

Do not add any amount for prejudgment interest on damages if any.  Prejudgment interest is interest on damages that accrued on a date before judgment from that date through the date of judgment.

COURT'S CHARGE – PAGE 31

"Proximate cause" means that cause which, in a natural and continuous sequence produces an event, and without which cause such event would not have occurred. In order to be a "proximate" cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

If your answer to Question No. 4 is "yes" and to Question No. 5 is "no" for any party, then answer the following question.  Otherwise do not answer the following question.

QUESTION NO. 19:

Do you find by clear and convincing evidence that the harm to CSI caused by the conduct found by you in Question No. 4 resulted from malice?

Answer "yes" or "no" for each party for whom you answered "yes" to Question No. 4 and "no" to Question No. 5:

CSA _____

Clayton Sr. _____NO_____

Clayton Jr. _____

D. Clayton _____

Action _____NO_____

Presort _____

HAC _____

INSTRUCTIONS FOR QUESTION NO. 19:

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant to cause substantial harm to Plaintiff.

If your answer to Question No. 7 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 20:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate CSI for its damages proximately caused by such failure to comply with fiduciary duty as found by you in Question No. 7?

Consider the following elements of damages, if any, and no other.

1.    CSI's lost profits

Answer in dollars and cents for damages, if any:

$ 1,060,098

INSTRUCTIONS FOR QUESTION NO. 20:

Do not add any amount for prejudgment interest on damages if any.  Prejudgment interest is interest on damages that accrued on a date before judgment from that date through the date of judgment.

"Proximate cause"  means that cause which, in a natural and continuous sequence produces an event, and without which cause such event would not have occurred.  In order to be a "proximate" cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

If your answer to Question No. 7 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 21:

Do you find by clear and convincing evidence that the harm to CSI caused by Clayton Sr.'s breach of fiduciary duty resulted from malice?

Answer "yes" or "no":

_____ no _____

INSTRUCTIONS FOR QUESTION NO. 21:

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant to cause substantial harm to Plaintiff.

COURT'S CHARGE – PAGE 35

If your answer to Question No. 9 is "yes" and your answer to Question No. 10 is "no" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 22:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate CSI for its damages proximately caused by such interference as found by you in Question No. 9?

Consider the following elements of damages, if any, and no other.

1.     CSI's lost profits

Answer in dollars and cents for damages, if any, for each party for whom your answer to Question No. 9 is "yes" and your answer to Question No. 10 is "no":

CSA          _____

Clayton Sr.   $ 350,000 _____

Clayton Jr.   _____

D. Clayton    _____

Action        _____

Presort       _____

HAC           _____

<u>INSTRUCTIONS FOR QUESTION NO. 22</u>:

Do not add any amount for prejudgment interest on damages if any.  Prejudgment interest is interest on damages that accrued on a date before judgment from that date through the date of judgment.

"Proximate cause"  means that cause which, in a natural and continuous sequence produces an event, and without which cause such event would not have occurred.  In order to be a "proximate" cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

If your answer to Question No. 9 is "yes" and your answer to Question No. 10 is "no" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 23:

Do you find by clear and convincing evidence that the harm to CSI caused by the interference found by you in Question No. 9 resulted from malice?

Answer "yes" or "no" for each party for whom your answer to Question No. 9 is "yes" and your answer to Question No. 10 is "no":

CSA            _____

Clayton Sr.    _____ no _____

Clayton Jr.    _____

D. Clayton     _____

Action         _____

Presort        _____

HAC            _____

INSTRUCTIONS FOR QUESTION NO. 23:

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant to cause substantial harm to Plaintiff.

COURT'S CHARGE – PAGE 38

If your answer to any of Question Nos. 19, 21, or 23 is "yes" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 24:

What sum of money, if any, if paid now in cash, should be assessed against defendants and awarded to CSI as exemplary damages, if any, for the conduct found to be malicious by you in response to Question Nos. 19, 21, or 23?

Answer in dollars and cents, if any, for each party for whom you answered "yes" to Question Nos. 19, 21, or 23:

CSA             _____

Clayton Sr.     _____

Clayton Jr.     _____

D. Clayton      _____

Action          _____

Presort         _____

HAC             _____

INSTRUCTIONS FOR QUESTION NO. 24:

"Exemplary damages" means an amount that you may, in your discretion, award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

a.      the nature of the wrong;

b.      the character of the conduct involved;

COURT'S CHARGE – PAGE 39

c.    the degree of culpability of Defendant;

d.    the situation and sensibilities of the parties concerned;

e.    the extent to which such conduct offends a public sense of justice and propriety; and

f.    the extent of actual damages to Plaintiff.

If your answer to Question No. 13 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 25:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate HAC for its damages, if any, that resulted from such failure to comply? Consider the following elements of damages, if any, and none other.

1.    HAC's lost profits

Answer in dollars and cents for damages if any:

_____

INSTRUCTIONS FOR QUESTION NO. 25:

Do not add any amount for prejudgment interest on damages if any. Prejudgment interest is interest on damages that accrued on a date before judgment from that date through the date of judgment.

If your answer to Question No. 14 is "yes" and your answer to Question No. 15 is "no" for any party, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 26:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate HAC and CSA for their damages proximately caused by such interference as found by you in Question No. 14?

Consider the following elements of damages, if any, and no other.

1.     lost profits

Answer in dollars and cents for damages, if any, for each party for whom your answer to Question No. 14 is "yes" and your answer to Question No. 15 is "no":

CSI                     _____

Oliver Williams         _____

Tony Young              _____

Jason Loftis            _____

INSTRUCTIONS FOR QUESTION NO. 26:

Do not add any amount for prejudgment interest on damages if any. Prejudgment interest is interest on damages that accrued on a date before judgment from that date through the date of judgment.

"Proximate cause" means that cause which, in a natural and continuous sequence produces an event, and without which cause such event would not have occurred. In order

to be a "proximate" cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

## JURY DELIBERATION

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

Your verdict must be unanimous. It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if you are convinced it is erroneous. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

As soon as I finish reading this charge and the attorneys present their closing arguments, you will retire to the jury room. I will send to you exhibits that have been admitted into evidence. You will first select one member of the jury to act as presiding juror. The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room. For example, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

COURT'S CHARGE – PAGE 44

When you have reached unanimous agreement as to your verdict, the presiding juror shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court security officer that you have reached a verdict. The court security officer will deliver the verdict to me.

During your deliberations the Court will honor any reasonable work schedule you may set and will honor your reasonable requests regarding how frequently you wish to recess and for how long.

If, during your deliberations, you desire to communicate with me, your presiding juror should state your message or questions in writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you in person. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

SIGNED this _____ day of March, 2011.

David C. Godbey
United States District Judge

COURT'S CHARGE – PAGE 45

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COURIER SOLUTIONS, INC.,          §
                                  §
        Plaintiff,                §
                                  §
v.                                §          Civil Action No. 3:08-CV-2254-N
                                  §
CSA DELIVERY, INC., *et al.*,     §
                                  §
        Defendants.               §

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated, and

herewith return the same into Court as our verdict.

SIGNED this ___/ /___ day of March, 2011.


                                        _____
                                        PRESIDING JUROR