IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURIER SOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-02254-N |
| | § | |
| CSA DELIVERY, INC., *et al*, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

This Order addresses Plaintiff Courier Solutions, Inc.'s ("CSI") motion for entry of judgment [113]. CSI requests that the Court enhance the Jury's damage award for unfair competition under the Lanham Act. *See* 15 U.S.C. § 1117(a). The Court finds that the Jury's award is adequate; the bulk of CSI's damages were caused by Clayton Sr.'s diversion of business opportunities, not passing off Clayton Sr.'s services as CSI's services. Therefore, enhancement is not necessary.

CSI also requests the Court to find this an exceptional case and award attorneys' fees. *Id.* On the record at trial, it appears that Defendants intentionally used a logo similar to CSI's. Because the conduct at issue was willful, the Court finds this to be an exceptional case, by clear and convincing evidence. The Court directs the parties to confer regarding an appropriate amount of attorneys' fees; if the parties are unable to agree on an amount of attorneys' fees, the Court directs CSI to apply for attorneys' fees pursuant to Rule 54(d)(2).

Defendants argue that CSI agreed not to seek attorneys' fees when the parties agreed to a continuance. Defendants claim the agreement limited CSI's damages to the amount disclosed in a supplemental disclosure, which did not identify attorneys' fees, in contrast to damages on Defendants' counterclaim, which explicitly mentioned contract damages "as well as attorneys' fees." Defendants argue that by including attorneys' fees when discussing Defendants' counterclaims, but not mentioning them in connection with CSI's damages, the Agreed Motion manifested the parties agreement that CSI could not recover attorneys' fees. The Court disagrees. Attorneys' fees on Defendants' Texas law claim are a substantive part of the recovery. *See* TEX. CIV. PRAC. & REM. CODE § 38.001; *cf. Reynolds v. Allstate Ins. Co.*, 629 F.2d 1111, 1118 (5th Cir. 1980) (under Texas law determination of attorneys' fees is a question of fact that must be decided by the jury, not the court). Statutory attorneys' fees on a Lanham Act claim are ancillary to the substantive claim, much like court costs. Thus, the omission of attorneys' fees in connection with CSI's Lanham Act claim is no more significant than omitting to mention court costs. The Court holds that CSI did not waive its claim to statutory attorneys' fees in the agreed motion for continuance.

Defendants argue that the Jury awarded damages, under three different theories, for the same injury. They ask the Court to reduce damages accordingly. The Court instructed the Jury to award: unfair competition damages if it found that the Defendants passed off their goods or services as those of CSI, breach of fiduciary duty damages if it found that Defendant Clayton Sr. failed to act in the utmost good faith with CSI, and tortious interference damages if it found that Defendants intentionally interfered with CSI's

Washington Mutual contract. *See* Ct.'s Jury Charge 13, 17-18, 20 [111]. Although the measure of damages is the same for each – lost profits – the jury could rationally find that the different wrongful acts caused different lost profits, i.e., the dollars in each answer are not the same dollars.

Moreover, this challenge is really an objection to the Court's jury instructions. *Tompkins v. Cyr*, 202 F.3d 770, 783 (5th Cir. 2000) (allegations of duplicative damage awards "are essentially objections to the jury instructions"). Defendants' jury instruction challenge is untimely because they did not object to the damages instructions at trial. FED. R. CIV. P. 51(C)(2). For these reasons, the Court declines to reduce the Jury's damages awards.

CSI requests an award of prejudgment interest. On this record, it is not possible to determine when the various damages accrued, and CSI did not request or obtain a finding from the jury of date of accrual. Moreover, due to the nature of the damages, they did not accrue on a single date, but over time. There is no record from which the Court could determine with any degree of confidence when the various dollars of damages accrued. Accordingly, the Court declines to award prejudgment interest.

Finally, Defendants argue that any damages awarded to CSI should be reduced by twenty-five percent (25%) to reflect Defendant Clayton Sr. or Clayton Jr.'s ownership interest in CSI. Defendants cite no authority for the proposition that damages awarded to a corporate plaintiff against a defendant shareholder should be reduced by the defendant's percentage ownership of the plaintiff. The court declines to reduce the damage award on that basis.

The Court, therefore, grants CSI's motion for entry of judgment in part and denies it in part.

Signed May 13, 2011.

_____
David C. Godbey
United States District Judge